UNITED DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

## JOINT FINAL PRE-TRIAL CONFERENCE

DATE   January 6, 2009

JUDGE          KEITH F. GIBLIN                 REPORTER   Holly Giffin

METTLER-TOLEDO, INC.                           CIVIL NO. 9:06-CV-97
          Plaintiff
                                               C/R DUPTY   Kyla Dean

                                               LOCATION: BEAUMONT, TX

FAIRBANKS SCALES, INC. and
B-TEK SCALES, LLC
          Defendant


ATTORNEYS FOR PLAINTIFF   Claude Welch, Michael Speed, Jeffrey Stanley

ATTORNEYS FOR DEFENDANT   James Zeleskey, Amy Gardner, Lisa Sullivan, Rich Tilghman

THIS DAY CAME THE PARTIES BY THEIR ATTORNEYS AND THE FOLLOWING PROCEEDINGS WERE HAD:

9:07 a.m. Joint Final Pre-Trial Conference held before Magistrate Judge Keith F. Giblin. **Mettler-Toledo, Inc. v. Fairbanks Scales, Inc. and B-Tek Scales, LLC**, cause number 9:06-CV-97. All parties listed are present in the courtroom. The Court advised the parties of what it would like to accomplish today. The first issue that the Court takes up is the Plaintiff's Motion and Supporting Memorandum Requesting Bifurcation of Defendant's Inequitable Conduct Defense (Doc. #165). The Court heard arguments as to the motion. The court GRANTS plaintiffs Motion to Bifurcate Conduct (Doc. #165). The Court orally denied Mettler-Toledo's Witness designation of Roy Hollander. The Court addressed Motion in Liminie, Motion of Plaintiff Mettler-Toledo for Order Precluding B-Tek from Comparing the Accused Products with Mettlers Commercial Embodiments of the Asserted Patents to Establish Non-Infringements (Doc. # 127). The Court granted it and asked the parties to get an agreed order and possible jury instruction as to such. The Court next addressed Motion in Limine Motion of Plaintiff Mettler-Toledo, Inc. For Order Precluding evidence from Foreign Patent Proceeding of European Patent No. 0319176 (Doc. #138). The Court heard arguments as to pending motion. The Court sustained objection. The Court next addressed B-Tek's first Motion in Limine (Doc. #126). The Court heard arguments. The Court denied B-Tek's Motion in Limine number one (Doc. #126). The Court will allow experts to be exempt from the rule and remain in the courtroom. 10:01 am The Court then addressed B-Tek's second Motion in Limine (Doc. #128). The

Court heard arguments. It will be granted with the exception of claim number seven. The parties will draft a new agreed order as to this motion. The Court then addressed B-Tek's Motion's in Limine number three (Doc. # 129). The Court heard arguments. The court denied B-Tek's Motion in Limine number three (Doc. # 129). The Court moved to B-Tek's Motion in Limine number four. The parties advised the Court that it reached an agreement, therefore the Court grants the Motion in Limine number four. The Court then addressed B-Tek's Motion in Limine number five. The parties have come to an agreement and will get the court an agreed order as to B-Tek's Motion in Limine number five. 10:21 am The Court takes a brief recess. 10:43 am Court reconvenes. The Court takes up B-Tek's Motion in Limine number six. The Court hears arguments. The Court denied the Motion in Limine number six. The Court addresses B-Tek's Motion in Limine number seven (Doc. #133). The Court hears arguments. The Court will rule on this motion after it researches the case law. The Court moves onto B-Tek's Motion in Limine number eight. The Court is going to grant the motion in as much that no expert will give an opinion other than what is in his report. The parties will submit an agreed order. The Court next addresses B-Tek's Motion in Limine number nine. The Court hears arguments. The Court will rule on this matter after reviewing case law. The Court addresses B-Tek's Motion in Limine number ten. The Court denies Motion in Limine number ten. 11:47 am The Court is in recess for lunch. 1:36 pm Court reconvened. The parties would like to bring a few matters to the attention of the Court. The Court admitted the plaintiff's exhibits that had no objections. The parties have agreed on an Italian interpreter to be used later in the trial. The admitted the defendants exhibits that had no objections. The remaining exhibits will be offered at trial. 2:38 pm Court is in recess. 3:06 pm Court reconvened. The Court began by addressing the final pretrial order. The court addressed the time limitations. The Court gives the plaintiff 20 hours and the defense 23 hours. The Court will allow three and one half hours each for inequitable conduct. The Court will give the parties 30 minutes per side during voir dire. The Courts questions the parties as to the Defendant's Responses to Plaintiff's Objections to Defendant's Depositions Designations (Doc. #164). All of the objections as to Aaron Skidmore's deposition are withdrawn. The Court will give each party 60 minutes as to opening statements. Mettler Toledo's withdraws it's objections to Mr. Long's deposition page 178, 198 and 199. The Court questions the parties as to the Objections to Plaintiff's Depositions Designations. 4:16 pm court is adjourned. Total Court Time is 4 hours and 30 minutes.

                                        DAVID J. MALAND, CLERK

                                        *Kyla Dean*
                                        DEPUTY